IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Anthony Anushiem, )
    Petitioner, )
     )
v. )    1:11cv1329 (GBL/JFA)
     )
Superintendent of Hampton )
Roads Regional Jail, )
    Respondent. )

MEMORANDUM OPINION

This Matter is before the Court on respondent's Motion to Dismiss this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed pro se by Anthony Anushiem, a former Virginia inmate. Petitioner challenges the validity of his conviction in the Circuit Court for the County of Arlington, Virginia. On April 11, 2012, Respondent filed a Rule 5 Answer along with a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and this petition will be dismissed.

I. Background

On September 9, 2009, petitioner entered pleas of nolo contendre to eight separate charges in the Arlington County Circuit Court, including two counts of felony forgery of a public record and two counts of misdemeanor identify theft. Respt.'s Mem. Supp. Mot. Dismiss at 2; ECF No. 19; Respt.'s Ex. F at ¶ 3, G at ¶7. Additionally, petitioner was convicted and sentenced on two felony counts of using fraudulently obtained DMV documents, one count of driving while suspended, and one count of driving while suspended for a DUI violation. Respt.'s Mem. Supp. Mot. Dismiss. at 2 n.2. On November 20, 2009, petitioner was sentenced

to two years with one year and five months suspended on both of the felony counts, and one year with five months suspended on each of the suspended license counts. Respt.'s Mem. Supp. Mot. Dismiss. at 2 n.2. All sentences were ordered to run concurrently. Id. Petitioner did not appeal his conviction, and he asserts that he has been in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement December 29, 2009. Petr.'s Br. in Supp. of Pet. at 1, ECF No. 16.

On February 4, 2011, petitioner filed a state petition for writ of habeas corpus in the Supreme Court of Virginia, challenging his 2009 convictions in the Arlington Circuit Court. Respt.'s Ex. A, ECF No. 18-1. By Order dated June 21, 2011, the Supreme Court of Virginia denied and dismissed the petition. R. No. 110195; Respt.'s Ex. D, ECF No. 18-4. Petitioner filed a petition for rehearing on July 7, 2011, which the Supreme Court of Virginia likewise denied on September 21, 2011. Petr.'s Attach. 1, ECF No. 9-1 at 52.

On December 7, 2011, petitioner filed the instant federal habeas petition challenging his 2009 conviction in the Arlington Circuit Court.[1] As discussed below, the petition must be dismissed for lack of jurisdiction.

## II. Analysis

### A. Jurisdiction over § 2254 Petitions

Section 28 U.S.C. § 2254 provides in relevant part, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody pursuant to the judgment of a State court</u> only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). The Supreme Court has made clear that a petitioner must be "in custody" pursuant to the contested state court conviction

---

[1] It is undisputed that the petition does not challenging petitioner's ongoing immigration detention.

or sentence <u>at the time his § 2254 petition is filed</u>. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). Furthermore, it is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." <u>Id.</u> at 492 (emphasis added). Immigration consequences, such as deportation, have long been viewed as "collateral consequences" of a state court conviction, and therefore are not themselves sufficient to render an individual "in custody" for purposes of § 2254. <u>See, e.g.</u>, <u>Ogunwomoju v. United States</u>, 512 F.3d 69, 70 (2d Cir. 2008) ("[I]mmigration detention is not 'custody' for the purpose of establishing jurisdiction to consider habeas petitioners challenging a state court conviction pursuant to 28 U.S.C. § 2254); <u>Birotte v. Sec'y Dep't Corr.</u>, 236 F. App'x 577, 579 (11th Cir. 2007) (same); <u>Resendiz v. Kovensky</u>, 416 F.3d 952, 956-58 (9th Cir. 2005) (same); <u>Broomes v. Ashcroft</u>, 358 F.3d 1251, 1254 (10th Cir. 2004) (same); <u>Mainali v. Commonwealth of Virginia</u>, No. 1:11cv1215 (TSE), 2012 WL 2619132, at *2, (E.D. Va. June 55, 2012) (same).

In this case, petitioner is not presently confined as a result of the Arlington County convictions, and he was not confined pursuant to those convictions when he filed the instant petition in December 2011. To the contrary, petitioner asserts that he has been in custody of Department of Homeland Security and the Bureau of Immigration and Enforcement since December 29, 2009. Petr.'s Br. in Supp. of Fed. Pet. at 1. Accordingly, petitioner fails to meet the threshold "in custody" requirement necessary to establish jurisdiction for this 28 U.S.C. § 2254 petition. Therefore, this petition must be dismissed for lack of jurisdiction.

B. <u>Statute of Limitations</u>

Even if the Court could exercise jurisdiction over the instant petition, it appears it would be barred by the applicable one-year federal statute of limitations. 28 U.S.C. § 2244(d). A

petition for writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In the instant case, petitioner was sentenced on November 20, 2009, in the Circuit Court for the County of Arlington, Virginia. Petitioner did not file a direct appeal of his conviction, thus his conviction became final on December 20, 2009, and the last date petitioner could have filed an appeal in the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6. Petitioner therefore had one year, or until December 20, 2010, to file a timely federal petition unless the pendency of a properly filed application for state post-conviction or other collateral relief tolled the running of the limitations period. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

Petitioner did not commence his first state post-conviction proceeding until February 4, 2011, when he filed a state petition for writ of habeas corpus in the Supreme Court of Virginia. By that time, approximately thirteen months had elapsed since the petitioner's conviction became final, so the federal statute of limitations had expired and the pendency of the state post-conviction proceeding, even if properly filed, could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no

4

period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, even if the Court had jurisdiction over this petition, it would be untimely, unless petitioner could establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).[2]

### III. Outstanding Motions

Also before the Court are petitioner's Motion to Stay Deportation and Motion for Bail. Because the petition must be dismissed for lack of jurisdiction, these Motions must likewise be denied and dismissed.

### IV. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted and petitioner's Motion to Stay Deportation and Motion for Bail will be denied. An appropriate Order shall issue.

Entered this _____ day of _____ 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

---

[2] Lastly, it should be noted that even if the Court had jurisdiction and the petition was timely, petitioner's claims would still be dismissed because they are clearly without merit for the reasons stated in the Respondent's Memorandum of Law in Support of the Motion to Dismiss. ECF No. 18.

5